L. CHARLES WRIGHT, Retired Appellate Judge.
The plaintiff Gallery brought suit against the defendant Jones to recover workmen’s compensation for loss of an eye. Defendant defended, contending that plaintiff was not its employee at the time of his injury, but was the employee of one Fate Osborne, an independent contractor. The issue presented to the trial court and on appeal is whether plaintiff was an employee of Jones or of Osborne, an independent contractor. The trial court found from the evidence that Osborne was in fact an independent contractor in his relationship with Jones.
The findings of fact by the trial judge are somewhat meager. In the judgment entered there were more facts related under the heading of Conclusions of Law than there were under the heading of Findings of Fact. However, the positioning of such findings in the judgment is of slight importance. This court looks to the entire judgment and will always look to the evidence in the record if the findings of fact by the trial court are merely meager or omissive. Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960). We have read the transcript of the evidence in this case. (In response to plaintiff’s second issue presented, we find no reversible error in the denial by the trial court of plaintiff’s motion for an additional finding of fact.)
The evidence is undisputed that Fate Osborne was hired by J.B. Jones to cut a certain tract of timber and deliver by truck the logs to Scott Paper Company. Plaintiff was hired by Osborne to assist in the loading and delivery of the logs. While so employed, plaintiff was struck in the eye by a piece of steel. After treatment, including an operation, sight in the eye was for all purposes lost.
Osborne had worked for Jones for many years in the woodcutting business. At the time of plaintiff’s injury, Jones had a contract with Scott Paper Company to deliver wood. He would purchase tracts of wood, both pine and hardwood, and secure the *1034 services of Osborne and others to cut and haul the wood to Scott. Jones’s agreement with Osborne was to pay him a certain price for the tonnage delivered at the Scott mill. The price per unit was determined between'Jones and Osborne before the cutting began. The tract was cruised by Osborne and Jones’s forester, and a price was set in relation to location, size and type of tree, and method of cutting, among other criteria. Osborne could agree or not agree to cut a tract. If he cut, he employed assistants, such as the plaintiff, at wages set by him. Osborne was paid weekly by Jones, according to units delivered. Osborne then paid the plaintiff in cash. Jones secured for the use of Osborne, under a lease-purchase agreement, a truck for hauling the wood and two chain saws for the cutting. Gasoline for the truck and saws was purchased by Osborne on credit from the station owned by Jones. Weekly payments on the truck, saws, and gasoline were withheld by Jones from the sum due Osborne for the units delivered.
There was evidence that, in years previous to the time of injury, Jones had secured workmen’s compensation coverage from a self-insurer group for employees of woodcutters, such as Osborne. However, such coverage was terminated for an adverse loss ratio in previous years.
Under the evidence the issue for determination was whether Osborne was, in fact, an independent contractor or an employee of Jones. If Osborne were an employee of Jones under the statute, § 25-5-1(4), Ala. Code (1975), and such employment contemplated the use of helpers, such helpers, here the plaintiff, would also be employees of Jones. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608 (1937).
It has been said by our supreme court that the principles that prevailed at common law to determine whether the agreement of the parties created the relation of independent contractor are not applied in workmen’s compensation cases. Our court is fully committed to the proposition that it is the reserved right of control, rather than its actual exercise, that furnishes the true test of whether the relation between the parties is that of an independent contractor or of employer and employee. Weeks, 270 Ala. 713, 121 So.2d 894; Tuscaloosa Veneer Co., 233 Ala. 567, 172 So. 608.
“For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the result to be accomplished or, in other words, not only what shall be done, but how it shall be done.” Weeks, 270 Ala. at 714, 121 So.2d at 895. This quote from the supreme court is contained in the judgment of the trial court. The judgment thereafter concludes from the evidence that Jones, by its agreement with Osborne, did not retain the requisite right of control, nor did it actually exercise such control.
The dispositive distinction between this case and Weeks is that the trial court found as fact from the evidence that Dickert had the right to control the manner in which the work was done and on many occasions exercised such control. The supreme court said that such findings of fact did not support the conclusion that there existed the relationship of independent contractor. Id. 270 Ala. at 715, 121 So.2d at 896.
We have no such conflict between findings of fact and conclusions of law in this case. We consider that in this case the designation by Jones of the tract to be cut, the size, and type of tree to be cut effected control only as to the result to be accomplished. It did not control or affect how the work was to be done.
It has long been settled in workmen’s compensation cases that, if there is any reasonable evidence to support the judgment of the trial court, it will not be disturbed on appeal. Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), cert. denied, 342 So.2d 924 (Ala.1977).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of *1035 Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.